## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

BOBBY L. WILLIS and CARRIE S.   )
WILLIS, individually and as trustees  )
of the TRUST OF JAMES C. AND NORMA D. )
WILLIS,           )
             )  Civil No.
    Plaintiffs,      )
             )
v.             )
             )
             )
UNITED STATES DEPARTMENT   )
OF THE TREASURY, INTERNAL REVENUE )
SERVICE,         )
SERVE:         )
   Tammy Dickerson – United States Attorney )
   HAMMONS TOWER    )
   901 St. Louis      )
   Springfield, MO 65806-2511  )
             )
   and         )
             )
   Loretta Lynch, Attorney General of the )
   United States at Washington, D.C.  )
   U.S. Department of Justice   )
   950 Pennsylvania Ave., NW   )
   Washington, DC 2053-0001   )
             )
AND          )
             )
STEPHEN BOYD, IRS SPECIAL AGENT  )
SERVE:         )
   STEPHEN BOYD    )
   2850 NE Independence Ave., Suite 102 )
   Lee's Summit, MO 64064   )
             )
   and         )
             )
JASON BRUSHWOOD, IRS-CI   )
SERVE:         )
   JASON BRUSHWOOD   )
   2850 NE Independence, Ave., Suite 102 )
   Lee's Summit, MO 64064   )
             )
   and         )

JOHN AND JANE DOES, INDIVIDUALLY )
AND IN THEIR OFFICIAL CAPACITIES AS )
EMPLOYEES AND/OR AGENTS OF THE )
UNITED STATES TREASURY DEPARTMENT )
)
and )
)
MISSOURI HIGHWAY PATROL )
SERVE: )
     Troop D )
     3131 E Kearney St. )
     Springfield, MO 65803 )
)
and )
)
SERGEANT DAN NASH )
SERVE: )
     SERVE: )
     Troop D )
     3131 E Kearney St. )
     Springfield, MO 65803 )
)
and )
)
FARMINGTON POLICE DEPARTMENT )
SERVE: )
     Farmington Police Department )
     900 Municipal Drive )
     Farmington, NM 87401 )
)
and )
)
DETECTIVE CORPORAL RUSSELL BRADFORD )
SERVE: )
     Farmington Police Department )
     900 Municipal Drive )
     Farmington, NM 87401 )
)
       Defendants. )

2

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT, FOR CIVIL RIGHTS VIOLATIONS AND OTHER CLAIMS

Plaintiffs, Bobby L. Willis and Carrie S. Willis, individually and as trustees of the Trust of James C. and Norma D. Willis (referred herein as "Willis") for their complaint against Defendants state and allege as follows:

## I.     PARTIES

1.     Bobby Willis is an individual over the age of 18 residing in the State of New Mexico.

2.     Carrie Willis is an individual over the age of 18 residing in the State of New Mexico.

3.     Bobby and Carrie Willis are co-trustees for the Trust of James C. and Norma D. Willis.

4.     Defendant United States Department of the Treasury, Internal Revenue Service is a United States Governmental Agency (hereinafter "IRS").  Pursuant to Federal Rule of Civil Procedure, Rule 4(i), service may be had by serving the local United States Attorney for the district where the action is brought and send a copy of the action to the Attorney General of the United States at Washington, D.C.

5.     Defendant IRS Special Agent Stephen Boyd is an individual over the age of 18 residing in the State of Missouri.  Defendant Boyd can be served at the IRS St. Louis Field Office, 2850 NE Independence Ave., Suite 102, Lee's Summit, MO 64064.  At all times mentioned herein, defendant Boyd was acting under the color of law as a law enforcement officer and employee of defendant IRS and at all times relevant was acting within the course and scope of said employment.

Case 6:16-cv-03251-SRB   Document 1   Filed 06/24/16   Page 3 of 21

6.      Defendant IRS Agent Jason Brushwood is an individual over the age of 18 residing in the State of Missouri. Defendant Brushwood can be served at the IRS St. Louis Field Office, 2850 NE Independence Ave., Suite 102, Lee's Summit, MO 64064. At all times mentioned herein, defendant Brushwood was acting under the color of law as a law enforcement officer and employee of defendant IRS and at all times relevant was acting within the course and scope of said employment.

7.      Defendants John and Jane Doe were acting under the color of law as law enforcement officer and employees of defendant IRS and at all times relevant were acting within the course and scope of said employment.

8.      Defendant Missouri State Highway Patrol (hereinafter "Highway Patrol") is a Missouri governmental agency. Defendant Highway Patrol can be served at its Troop D Headquarters, located at 3131 E. Kearney St., Springfield, MO 65803.

9.      Defendant Sergeant Dan Nash is an individual over the age of 18 residing in the State of Missouri. Defendant Nash can be served at Missouri State Highway Patrol, Troop D Headquarters, 3131 E. Kearney St., Springfield, MO 65803. At all times mentioned herein, defendant Nash was acting under the color of law as a law enforcement officer and employee of defendant Highway Patrol and at all times relevant was acting within the course and scope of said employment.

10.     Defendant Farmington Police Department is a New Mexico Governmental agency. Defendant Farmington Police Department ("Farmington Police") can be served at 900 Municipal Drive, Farmington, NM 87401.

11.     Defendant Detective Corporal Russell Bradford is an individual over the age of 18 residing in the State of New Mexico. Defendant Bradford can be served at Farmington Police

4

Department, 900 Municipal Drive, Farmington, NM 87401. At all times mentioned herein, defendant Bradford was acting under the color of law as a law enforcement officer and employee of defendant Farmington Police and at all times relevant was acting within the course and scope of said employment.

## II.    VENUE & JURISDICTION

12.    This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, 1343(a)(3) and (4), and 42 U.S.C. § 1983 given that Plaintiffs' claims arise under the United State Constitution to redress the deprivation under color of state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States.

13.    This Court also has jurisdiction over Plaintiffs' common law claims pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in Taney County, Missouri, which lies within the Southwestern Division of the Western District of Missouri.

## III.    BASIS OF LIABILITY – THE WILLIS'S WERE DEPRIVED OF THEIR PROPERTY UNDER THE COLOR OF LAW ENFORCEMENT

15.    All of the actions and/or omissions of Defendants took place under the color of state law pursuant to, acting upon, and subject to the policies, practices, procedures, patterns, decisions, instructions, orders, and customs.

16.    The individual Defendants' conduct also resulted from certain improper customs and policies that were the moving force behind the violations of Plaintiffs' rights under state and federal law.

5

17.     Defendants are also liable to Plaintiffs for the payment of reasonable costs and attorney's fees pursuant to 42 U.S.C. §1988, which Plaintiffs specifically requests be awarded in by the Court in this case.

18.     Defendants' liability is based upon allegations that demonstrate patterns of behavior which constitute a deliberate indifference to the rights of citizens, all of which led to deprivations of rights, privileges and immunities secured by federal and state constitutions, as well as federal and state laws.

19.     The conduct alleged in this Complaint violated clearly established federal – and state – protected rights of which every reasonably competent official in Defendants' respective positions would have, or should have, been aware.

20.     As to all Defendants' actions and omissions toward Plaintiffs, there was no objectively reasonable reliance on existing law.

21.     Some of the claims herein are brought against the Defendants pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1) for money damages as compensation for the loss of property belonging to Willises caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of Missouri.

22.     The Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act by providing Notice of the Claims as shown by **Exhibit 1**.

23.     The Department of the Treasury denied Willises' claims as shown by **Exhibit 2**.

24.     The Plaintiffs would be entitled to pursue these claims under the laws of the States of Missouri, including but not necessarily limited to takings, assumpsit of money had and received, conversion, unjust enrichment, replevin, and conspiracy.

25.     The claims against defendant Highway Patrol and Farmington Police are as a result of their failure to train and supervise, and for promulgating policies and procedures that result/are a moving force in constitutional deprivations, including but not limited to promulgating a pattern and practice of seizing individual's personal property without due process of law and by circumventing the forfeiture and due process requirements of the Missouri and United States constitutions and Missouri law by transferring the property to the Federal Government, including to defendant IRS.

## IV.     FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

26.     On or about September 26, 2012, a search warrant was served on 822 Cliff Drive in Branson, Missouri by defendant Highway Patrol in conjunction with the San Juan County Sheriff's Department.

27.     The search warrant allowed for the seizure of documents and records in regards to an embezzlement case pending in San Juan County, New Mexico.

28.     The search warrant did not include a forfeiture, warrant, or any authorization to seize any personal property of Plaintiffs that Defendants wished to seize.

29.     Plaintiffs owned the property and contents of 822 Cliff Drive, Branson, Missouri.

30.     Plaintiffs also owned locked safes at the 822 Cliff Drive property that contained 364,000 sealed uncirculated United States Presidential Dollar coins (hereinafter "Coins").

31.     Further, Plaintiffs owned personal property, including collectibles, jewelry, and other items (hereinafter "Personal Property", which is itemized as **Exhibit 3**).

7

32.     The approximate value of the Coins is approximately $33,000,000 as they are rare collector's items.

33.     Said Coins were sealed, boxes, and in rolls such that they are identifiable.

34.     The search warrant did not allow for the seizure of money, coins, collectibles, jewelry or any other items of value, such as the Coins or Personal Property.

35.     Despite the plain language of the search warrant, defendant Nash found the 364,000 Coins and Personal Property after accessing the safe.

36.     Defendant Nash proceeded to seize the 364,000 Coins and Personal Property despite not having any authority to seize said Coins and Personal Property.

37.     Defendant Nash conferred, conspired, and came to an agreement with defendant Bradford to seize the Coins and Personal Property without having a search warrant or any legal authority that authorized the seizure.

38.     After seizing the Coins and Personal Property, Defendant Nash in conjunction with defendant Bradford, contacted the IRS.

39.     As part of a pattern and practice within the Missouri law enforcement community, including the Highway Patrol, Defendant Nash contacted defendant IRS to deprive Plaintiffs of their Coins and Personal Property rather than appropriately follow due process, the Missouri and United States' constitutions, and to circumvent Missouri law.

40.     Defendant Nash and defendant Bradford purposefully, willfully, recklessly, and with a conscious disregard for Plaintiffs' right to their property, transferred the seized Coins and Personal Property to Defendant IRS, and employees and agents of Defendant IRS to circumvent Missouri and United States Constitutional and Statutory laws, including but not limited to R.S.Mo. § 513.647.

8

41.     Subsequently, the IRS took possession of and seized the Coins and Personal Property.

42.     Upon information and belief, the Coins and Personal Property were inventoried and taken to the United States Department of the Treasury field office in Lee's Summit, Missouri.

43.     Upon information and belief, Defendants Boyd and Brushwood, and or subordinates and other employees and agents of defendant IRS, deposited the 364,000 Coins into a government controlled bank account.

44.     By depositing the Coins into a Governmental controlled bank account, the public received Coins that were worth in excess of $30,000,000 worth of personal property owned by the Plaintiffs without paying just compensation to the Plaintiffs.

45.     By seizing the Coins and Personal Property, Defendants violated the Plaintiffs' rights to due process required under the Missouri and United States constitutions for the taking of property without just compensation.

46.     The Defendants knew or should have known that the value of each of the uncirculated and sealed Coins was far in excess of their $1.00 face value.

47.     Defendants were notified by Plaintiffs that the value of the Coins was far in excess of their $1.00 face value.

48.     Defendants IRS and Boyd, in conjunction with other named and unnamed defendants, consciously disregard the rights of the Plaintiffs by failing to store the rare and valuable coins in a safe location.

49.     Indeed, Defendants act of depositing the Coins violated defendant IRS's policies and procedures, which state in pertinent part "arrangements should be made to store the assets ...

9

preferably in a secure evidence room. For small items such as jewelry, collector coins, etc. a safe deposit box is preferred."

50. Further, Defendant IRS's policy and procedure required the IRS to appraise items prior to disposing or changing personal property seized by the IRS. Defendants failed to appraise the Coins or the Personal Property.

51. On November 12, 2012, Bobby Willis was given notice by the Department of the Treasury Internal Revenue Service of the possession of the Presidential Coins and the potential forfeiture of the Presidential Coins to the United States Government. Copies of the notices are attached as **Exhibit 4**.

52. Each of the Plaintiffs, individually and as trustees of the James and Norma Willis Trust filed Seized Asset Claim Forms in which they claimed ownership interests in the 364,000 United States Presidential dollar coins. Copies of the claim forms are attached as **Exhibit 5**.

53. Defendants never filed any forfeiture proceeding and the Plaintiffs requested the return of the 364,000 United States Presidential dollar coins in April 2015 as well as the rest of the items seized by the Defendants.

54. None of the Defendants filed any forfeiture proceeding against the Plaintiffs' Coins.

55. The IRS has refused to return the Coins to the Plaintiffs-innocent parties and the rightful owners of said Coins.

56. The IRS refunded $364,000 to the Plaintiffs, but failed to refund the actual Coins lost, the fair market value of said Coins, and/or the Coins and any depreciation occurred while in Defendants' custody.

57.     The other Personal Property seized by Defendants was eventually returned to Plaintiffs but the personal property had depreciated in value while being wrongfully withheld from Plaintiffs.

## COUNT I – TAKING OF PERSONAL PROPERTY

Plaintiffs, for Count I of their causes of action against Defendants, state and allege as follows:

58.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

59.     Plaintiffs owned the 364,000 Coins and Personal Property.

60.     Defendants had a duty to follow the Missouri Constitution, Article 1, § 26 by not taking Plaintiffs' personal property without just compensation, which states in pertinent part:

> That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be provided by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested.

61.     Defendants had a duty to follow the United States Constitution, Amendment V, by not taking Plaintiffs' personal property without just compensation, which states in pertinent part:

> No person shall be... deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

62.     That Defendants took possession, seized, and deprived Plaintiffs of their Coins and Personal Property.

63.     That Defendants deposited Plaintiffs' Coins into a bank account that is owned by Defendant IRS and used for public use.

11

64.     That Defendants failed to pay fair and just compensation for Plaintiffs' Coins and Personal Property.

65.     That sovereign immunity does not apply to takings actions because it is based on the Constitution.

66.     That Defendants thereby violated the Missouri and United States Constitution's takings clause by seizing Plaintiffs' Coins and Personal Property without due process of law and failing to compensate Plaintiffs for fair and just compensation.

67.     That as a result of Defendants' conduct in depriving Plaintiffs of their Coins, Plaintiffs have incurred damages in the amount of the actual Coins in the same condition they were seized or the fair and just value of the Coins and Plaintiffs have incurred damages in the amount of the depreciation of the other Personal Property seized by Defendants.

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully request Judgment against Defendants, jointly and severally, for full market value and just compensation for Plaintiffs' Coins and other Personal Property, for depreciation in the value of the Personal Property between the date of the seizure and the date of return, for punitive damages to punish and deter future conduct, for their costs herein expended, for attorney's fees, for pre and post-judgment interest, and for all other and further relief this Court deems just and proper.

## COUNT II – ASSUMPSIT OF MONEY HAD AND RECEIVED

Plaintiffs, for Count II of their cause of action against defendants, state and allege as follows:

68.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

69.     Plaintiffs owned the 364,000 Coins.

70.     Defendants seized, controlled, possessed, received and took the Coins from the Plaintiffs.

71.     Defendants received a benefit in the form of money from seizing, controlling, possessing, receiving and taking the Coins from the Plaintiffs.

72.     Defendants' acceptance and retention of the Coins is unjust.

73.     That sovereign immunity does not apply to this assumpsit action because it is grounded in an implied contract.

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully request Judgment against Defendants, jointly and severally, for full market value and just compensation for Plaintiffs' Coins, for punitive damages to punish and deter future conduct, for their costs herein expended, for attorney's fees, for pre and post-judgment interest, and for all other and further relief this Court deems just and proper.

## COUNT III – CONVERSION

Plaintiffs, for Count III of their cause of action against defendants, state and allege as follows:

74.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

75.     Plaintiffs owned the 364,000 Coins and Personal Property.

76.     Defendants seized, controlled, possessed, received and took the Coins and Personal Property from the Plaintiffs.

77.     Defendants took possession of the Coins and Personal Property with the intent to deprive Plaintiffs the right to possess the Coins and Personal Property.

13

78. Defendants refused to surrender possession of the Coins and Personal Property when demanded.

79. Defendants thereby deprived Plaintiffs the right to possession of the Coins and Personal Property.

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully request Judgment against Defendants, jointly and severally, for full market value and just compensation for Plaintiffs' Coins and Personal Property, in the event the Coins are found, for return of the Coins and the amount of depreciation in value of the Coins and Personal Property between the date of conversion and the date of return, for punitive damages to punish and deter future conduct, for their costs herein expended, for attorney's fees, for pre and post-judgment interest, and for all other and further relief this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT

Plaintiffs, for Count IV of their cause of action against defendants, state and allege as follows:

80. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

81. Plaintiffs owned the 364,000 Coins.

82. Defendants seized, controlled, possessed, received and took the Coins from the Plaintiffs.

83. Defendants' possession of the 364,000 Coins is unjust.

84. Defendants' have been unjustly enriched by possession the 364,000 Coins.

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully request Judgment against Defendants, jointly and severally, for full market value and just compensation for

14

Plaintiffs' Coins, in the event the Coins are found, for return of the Coins and the amount of depreciation in value of the Coins between the date of conversion and the date of return, for punitive damages to punish and deter future conduct, for their costs herein expended, for attorney's fees, for pre and post-judgment interest, and for all other and further relief this Court deems just and proper.

## COUNT V – REPLEVIN

Plaintiffs, for Count V of their cause of action against defendants, state and allege as follows:

85.    Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

86.    Plaintiffs owned the 364,000 Coins and Personal Property.

87.    Defendants seized, controlled, possessed, received and took the Coins and Personal Property from the Plaintiffs.

88.    Defendants thereby deprived the Plaintiffs of the right to possession of the Coins and Personal Property.

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully request Judgment against Defendants, jointly and severally, for full market value and just compensation for Plaintiffs' Coins, in the event the Coins are found, for return of the Coins and the amount of depreciation in value of the Coins and Personal Property between the date of seizure and the date of return, for punitive damages to punish and deter future conduct, for their costs herein expended, for attorney's fees, for pre and post-judgment interest, and for all other and further relief this Court deems just and proper.

15

## COUNT VI – CLAIM UNDER 42 U.S.C. § 1983 FOR THE TAKING OF PERSONAL PROPERTY WITHOUT DUE PROCESS AND JUST COMPENSATION

Plaintiffs, for Count VI of their cause of action against Defendants, state and allege as follows:

89.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

90.     Plaintiffs owned the 364,000 Coins and Personal Property.

91.     Defendants seized, controlled, possessed, received and took the Coins and Personal Property from the Plaintiffs.

92.     Defendants did not have a warrant allowing the seizure of the Coins and Personal Property, a forfeiture action, or any legal right to take, seize, and possess Plaintiffs' Coins and Personal Property.

93.     Defendants had a duty to follow the Missouri Constitution, Article 1, § 26 by not taking Plaintiffs' personal property without just compensation, which states in pertinent part:

> That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be provided by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested.

94.     Defendants had a duty to follow the United States Constitution, Amendment V, by not taking Plaintiffs' personal property without just compensation, which states in pertinent part:

> No person shall be… deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

95.     Defendants had a duty to follow Missouri law, including but not limited to R.S.Mo. § 513.647, which states in pertinent part:

No state or local law enforcement agency may transfer any property seized by the state or local agency to any federal agency for forfeiture under federal law until the prosecuting attorney and the circuit judge of the county in which the property was seized first review the seizure and approve the transfer to a federal agency, regardless of the identity of the seizing agency…

Prior to transfer, in an ex parte proceeding, the prosecuting attorney shall file with the court a statement setting forth the facts and circumstances of the event or occurrence which led to the seizure of the property and the parties involved, if known.

96.     The taking, seizure, possession, and control of Plaintiffs' Coins and Personal Property was intentional, willful, malicious, wrongful, and in conscious disregard of the Plaintiffs' rights, Missouri law, and the Constitution to own and possess their Coins and Personal Property.

97.     Defendants ignored and/or intentionally, recklessly, and consciously disregarded the Plaintiffs' rights to their property in the Coins and Personal Property by taking, seizing, possessing, and controlling Plaintiffs' property.

98.     The actions of the Defendants resulted in multiple violations of Plaintiffs' rights to due process of law under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 26 of the Missouri Constitution.

99.     All of these constitutional rights are protected by 42 U.S.C. § 1983.

100.     Plaintiffs' right to be free from a search and seizure of property that was not authorized under a search warrant is also protected by *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

101.     The Defendants' actions were deliberate, reckless, wanton, and/or wrongful, justifying the award of punitive damages.

102.     As a direct and proximate result of Defendants' conduct, Plaintiffs were and have been deprived of their property, their Coins and Personal Property, and the substantial value of the Coins and Personal Property that were seized.

103.     As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to their reasonable costs and attorney fees as required by 42 U.S.C. § 1988, pre-judgment interest and post-judgment interest.

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully request Judgment against Defendants, jointly and severally, for full market value and just compensation for Plaintiffs' Coins, in the event the Coins are found, for return of the Coins and the amount of depreciation in value of the Coins and Personal Property between the date of conversion and the date of return, for punitive damages to punish and deter future conduct, for their costs herein expended, for attorney's fees, for pre and post-judgment interest, and for all other and further relief this Court deems just and proper.

## COUNT VII – CIVIL CONSPIRACY

Plaintiffs, for Count VII of their cause of action against Defendants, state and allege as follows:

104.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

105.     Plaintiffs owned the 364,000 Coins and Personal Property.

106.     Defendants seized, controlled, possessed, received and took the Coins and Personal Property from the Plaintiffs.

18

107. Defendants did not have a warrant allowing the seizure of the Coins and Personal Property, a forfeiture action, or any legal right to take, seize, and possess Plaintiffs' Coins and Personal Property.

108. Defendants, as a result of a mutual understanding and a meeting of the minds, as demonstrated by the allegations set forth above, acted in concert to deprive Plaintiffs of their Constitutional Rights to their property, primarily their Coins and Personal Property.

109. Defendants acted in concert to deprive Plaintiffs of their property by violating Plaintiffs' Constitutional Rights found in the Fourth, Fifth and Fourteenth Amendments, Plaintiffs Missouri Constitutional Rights as enumerated in Article I, § 26, by violating Missouri law as enumerated in R.S.Mo. § 513.647, by violating multiple Federal laws including 42 U.S.C. § 1983, and IRS policies and procedures.

110. The Defendants sued in this Complaint conspired with at least one un-sued co-conspirator to commit the wrongful and unconstitutional acts.

111. Defendants and the un-sued, unnamed co-conspirators acted under the color of state law, reached a mutual understanding, acted in agreement and engaged in a course of conduct to deprive Plaintiffs of their Constitutional Rights.

112. The conspiracy was designed to deprive Plaintiffs of their personal property, including their Coins and Personal Property.

113. Defendants' actions were deliberate, reckless, wanton, and were engaged with evil motive or reckless disregard for Plaintiffs' Constitutional rights such that Plaintiffs are entitled to punitive damages.

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully request Judgment against Defendants, jointly and severally, for full market value and just compensation for

Plaintiffs' Coins, in the event the Coins are found, for return of the Coins and the amount of depreciation in value of the Coins and Personal Property between the date of seizure and the date of return, for punitive damages to punish and deter future conduct, for their costs herein expended, for attorney's fees, for pre and post-judgment interest, and for all other and further relief this Court deems just and proper.

## COUNT VIII – NEGLIGENCE

Plaintiffs, for Count VIII of their cause of action against Defendants, state and allege as follows:

114. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

115. Plaintiffs owned the 364,000 Coins and Personal Property.

116. Defendants seized, controlled, possessed, received and took the Coins and Personal Property from the Plaintiffs.

117. Defendants had a duty to use reasonable care, follow Missouri law, following United States and Missouri Constitutions, and follow agency policy and procedures in seizing, controlling, possessing, storing, and maintaining Plaintiffs' Coins and Personal Property.

118. Defendants violated their duty by failing to follow Missouri law, following United States and Missouri Constitutions, and follow agency policy and procedures in seizing, controlling, possessing, storing, and maintaining Plaintiffs' Coins and Personal Property.

119. Defendants further violated their duty turning the valuable and rare Coins into cash and depositing them into a Government controlled bank account rather than into a safety deposit box as required by IRS policy.

20

120.    As a direct and proximate result of Defendants' negligence, plaintiffs incurred damages in the amount of the value of the Coins and depreciation of the value of Plaintiffs' Personal Property.

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully request Judgment against Defendants, jointly and severally, for full market value and just compensation for Plaintiffs' Coins, in the event the Coins are found, for return of the Coins and the amount of depreciation in value of the Coins and Personal Property between the date of conversion and the date of return, for punitive damages to punish and deter future conduct, for their costs herein expended, for attorney's fees, for pre and post-judgment interest, and for all other and further relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial under Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**STRONG-GARNER-BAUER, P.C.**

Steve Garner, MoBar #35889
Jeff Bauer, MoBar #48902
Grant Rahmeyer, MoBar #58897
415 East Chestnut Expressway
Springfield, MO 65802
Phone: (417) 887-4300
Fax: (417) 887-4385
Email: sgarner@stronglaw.com
Email: jbauer@stronglaw.com
Email: grahmeyer@stronglaw.com
*Attorneys for Plaintiffs*